THWAITS
*vs*
CURL.

---

ASSUMPSIT.

*Case* 100.

*June* 13.

The case stated.

## Thwaits *vs* Curl.

ERROR TO THE FAYETTE CIRCUIT.

*Frauds, statute of.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THIS is an action of assumpsit, brought by Thwaits against Sophia Curl, for the value of a dwelling house erected by him upon the dower land allotted to her out of the estate of her first husband.

It appears that the plaintiff made a contract with the second husband of the defendant, for the erection of said building; that the work was commenced and nearly com-

pleted when her second husband died; that upon his death the plaintiff suspended the work, but afterwards resumed and completed it; that the second husband of the defendant died insolvent, or that his estate was not sufficient to pay all his debts, and the rumor of his insolvency had been the cause of the temporary suspension of the work. It is proven by Robertson, one of the hands of the plaintiff, that after the resumption of the work, he heard the defendant say to the plaintiff, that he need not look so depressed, that she would *see him paid* for his work upon said house. Two other witnesses prove that they were present and heard the language used by the defendant to the plaintiff, referred to by Robertson, and that the defendant expressed merely a *hope* that the plaintiff might be paid for the work. The jury, under the instructions of the Court, found a verdict for the defendant, and the plaintiff has appealed to this Court.

The contract of the plaintiff, to complete the building, was a contract made with the husband of the defendant, and by its terms he alone, or his representative, was bound to make payment, and to entitle the plaintiff to demand payment, it was his duty to complete the work. It is a matter, therefore, of some question, whether there is any valid consideration to support the assumpsit of the defendant. But conceding that the consideration was sufficient, the assumpsit was most obviously not an original independent undertaking, but a collateral promise to answer for the debt and satisfy the undertaking of her deceased husband, and to be valid, must not only be made upon a valuable consideration, but be evidenced by a memorial in writing, executed as required by the statute of frauds and perjuries. The language in which the assumpsit is made, as proven by Robertson, the only witness who attempts to prove an assumpsit, "that she would *see him paid*," shows that the promise was a collateral undertaking to answer for or *see* paid, the debt of another, and not an independent promise. To see paid, imports an undertaking or guaranty for another's debt. It is tantamount to saying, if her husband's contract was not complied with, or his debt paid by his representative, that she would pay it. It is obvious that both the plain-

*The assumpsit of the widow to pay a debt of the husband, though for building on ground which she owned as dower in the estate of a first husband, was a collateral promise to pay the debt of another and within the statute of frauds unless in writing.*

tiff and defendant, in the work that was doing and the conversation that was held, from which the promise was extracted, had reference to the contract for the building which was made with the husband. Hence his depression of spirits and the language used in the promise, if such promise was ever made. And the diversity of proof in relation to the language used, demonstrates most clearly, the propriety of the statute. Had the promise been an independent undertaking, founded upon a new consideration, the language of the promise would have been different, as that I will pay you, or I promise to pay you, &c. Upon the whole, we are satisfied that the promise, if ever made, was a collateral undertaking to satisfy the contract of her deceased husband, and not being reduced to writing, as required by the statute, will not support an action. The Circuit Court was, therefore, right in refusing the instructions asked by the plaintiff, and in giving those asked by the defendant, and the judgment is affirmed.

*Kinkead* for plaintiff: *Robertson* for defendant.